## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| **EDUARDO MALDONADO AND,** | § | |
| **BERTHA MALDONADO** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:16-cv-00063** |
| | § | |
| **LIBERTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Mutual Fire Insurance Company ("Liberty"), incorrectly named as Liberty Mutual Insurance Company, files this Notice of Removal pursuant to 28 U.S.C. §§1441(a) and 1446(b), and would respectfully show the Court as follows:

## I.
## NATURE OF THE CASE

1.      On March 3, 2016, Plaintiffs Eduardo and Bertha Maldonado ("Plaintiffs") filed their Original Petition styled Cause No. 16-03-32744-MCV; *Eduardo Maldonado and Bertha Maldonado vs. Liberty Mutual Insurance Company*, In the 293rd District Court of Maverick County, Texas.  Liberty was served with citation on May 9, 2016.

2.      This lawsuit involves a dispute over Liberty's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by Plaintiffs' residential property at 251 Westlake Blvd., Eagle Pass, Texas 78852.  Plaintiffs assert causes of action against Liberty for breach of contract, violations of the Texas Insurance Code (unfair settlement practices and late payment of claim), breach of the duty of good faith and fair dealing, and fraud.

## II.
## DIVERSITY JURISDICTION

3.     Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     There Is Complete Diversity of Citizenship

4.     At the time Plaintiffs filed their Original Petition in District Court on March 3, 2016, and as of the date of filing this Notice, Liberty Mutual Fire Insurance Company is a company organized under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts.  Accordingly, both at the time Plaintiffs initially filed this suit and at the time Liberty filed this Notice, Defendant Liberty Mutual Fire Insurance Company is not a citizen of the State of Texas for diversity jurisdiction purposes.[1]

5.     According to their Original Petition, Plaintiffs are residents of Maverick County, Texas, and therefore citizens of Texas.  Therefore, complete diversity of citizenship exists between the parties.

### B.     The Amount in Controversy Exceeds $75,000

6.     This Court also has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g., Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad

7.      In their Original Petition, Plaintiffs state:

> *In accordance with Rule 47, as amended, and with the information currently available, Plaintiffs seek monetary relief <u>between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars</u>.*[3]

Thus, the amount in controversy exceeds $75,000.

8.      Further, in the Damages portion of Plaintiffs' pleading, the Original Petition

unequivocally states:

- "Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, <u>mental anguish</u>, court costs, and <u>attorney's fees</u>." [4]

- "Plaintiffs ask for <u>three times their actual damages</u>." [5]

- "Plaintiffs are entitled to the amount of their claim, as well as <u>eighteen (18) percent interest per annum</u> … together with <u>attorney's fees</u>." [6]

- "For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to … <u>exemplary damages</u>, and damages for <u>emotional distress</u>." [7]

- "For fraud, Plaintiffs are entitled to recover actual damages and <u>exemplary damages</u> …" [8]

In light of these assertions, and especially when combined with Plaintiffs' direct claim that they

seek damages between $200,000 and $1,000,000, there is no question that the amount Plaintiffs

have placed in controversy exceeds $75,000.

---

faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[3] *See* Exhibit A, Plaintiffs' Original Petition, at ¶ 48 (emphasis added).  "Rule 47" refers to Texas Rule of Civil Procedure 47.

[4] *Id.* at ¶ 40.

[5] *Id.* at ¶¶ 40, 45.

[6] *Id.* at ¶¶ 41, 46.

[7] *Id.* at ¶¶ 42, 47.

[8] *Id.* at ¶ 43.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

9.      Liberty was first served with Plaintiffs' Original Petition in District Court on May 9, 2016.  Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).   Additionally, it has been less than one year since this action was originally commenced, as required by 28 U.S.C. § 1446(b).

10.      Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

12.      Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

13.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the 293rd District Court of Maverick County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Mutual Fire Insurance Company requests that this action be removed from the 293rd District Court of Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

David R. Stephens
Attorney in Charge
State Bar No. 19146100
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

James P. Lucas
State Bar No. 24068571
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
jlucas@lstlaw.com

*Counsel for Liberty Mutual Fire Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, Del Rio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 2nd day of June 2016, addressed to those who do not receive notice from the Clerk of the Court.

Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703

Dan Cartwright
Lory Sopchak
CARTWRIGHT LAW FIRM, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056

David R. Stephens